# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-488 JCH |
| | ) | |
| JACK IN THE BOX, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Edward Griffin, a 53-year-old man, seeks leave to proceed in forma pauperis in this civil action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621, *et seq.*, for employment discrimination on the basis of gender and age. Based on plaintiff's financial affidavit, the motion is granted. For the following reasons, the Court will order process to issue on defendant Jack In The Box.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**Discussion**

According to his complaint and his EEOC charge of discrimination, on June 14, 2007, plaintiff was hired by defendant Jack In The Box as a team leader and assistant manager. Starting in May 2015, plaintiff began noticing female employees of less seniority than plaintiff were given raises. Plaintiff asked about his raise, and is supervisor Crystal Robinson told him that he had already reached his pay limit. Plaintiff filed a charge of discrimination with the EEOC arising out of this treatment.

When the EEOC contacted Jack In The Box regarding plaintiff's charge of discrimination, plaintiff's supervisors scheduled a meeting with plaintiff and gave him a $10 per hour raise. The following week, however, Ms. Robinson began cutting plaintiff's hours. Plaintiff asked why his hours were reduced, and Ms. Robinson stated she had to cut hours. Plaintiff alleges no other employees' hours were cut, and several younger female employees were working overtime. Plaintiff states that Ms. Robinson continued cutting his hours, continued giving overtime to younger female employees, and continued hiring younger female employees. Plaintiff returned to the EEOC and filed another charge of discrimination.[1] He alleges he was discriminated against based on his gender and age, and seeks $20,000.00 in compensation.

---

[1] Plaintiff's right-to-sue letter from the EEOC is dated December 27, 2017. *See* ECF No. 1-4. Plaintiff filed this employment discrimination case 92 days later, on March 29, 2018. "Generally, the ninety-day filing period begins to run on the day the right to sue letter is *received* at the most recent address that a plaintiff has provided the EEOC." *Hill v. John Chezik Imports,*

To establish a prima facie case of discrimination under Title VII, a plaintiff must show: 1) that he or she is a member of a protected class, (2) that he or she was meeting the employer's legitimate job expectations, (3) that he or she suffered an adverse employment action, and (4) that similarly situated employees outside the protected class were treated differently. *E.g., Tolen v. Ashcroft*, 377 F.3d 879 (8th Cir. 2004). Under the ADEA, it is unlawful for an employer to "fail to hire or to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). Having carefully reviewed and liberally construed plaintiff's complaint, the Court finds plaintiff has stated a plausible claim of employment discrimination against defendant Jack In The Box under the Title VII and the ADEA, and will order the Clerk to issue process on the complaint.

Additionally, plaintiff has filed a motion for appointment of counsel, which the Court will deny at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

---

869 F.2d 1122, 1123 (8th Cir.1989) (emphasis added). The document is presumed received three days after mailing. *See Baldwin Cty. Welcome Ctr. v. Brown,* 466 U.S. 147, 148 n.1 (1984) (citing Fed. R. Civ. P. 6(e) and finding that a notice of right-to-sue issued on January 27 was presumed to have been received January 30). The Court, therefore, presumes plaintiff received the right-to-sue letter on December 30, 2017. This action is timely because it was filed within 90 days of December 30, 2017.

Plaintiff has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on plaintiff's complaint as to defendant Jack In The Box.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [ECF No. 2]

Dated this 13th day of June, 2018.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE